```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

| | |
|---|---|
| **HAROLD COBURN,** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 06-00110-BH-B |
| **JOHN E. BRANTLEY,** | : |
| Defendant. | : |

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

**I.   Complaint. (Doc. 1).**

The sole Defendant is Plaintiff's state probation officer, John E. Brantley. Plaintiff's allegations against him are brief; therefore, they are included in their entirety.

> Judge McRae reinstated my probation but John E. Brantley kept a hold on me until he could get another judge to revoke me. Mr. Brantley told me this a month after that Judge reinstated me. He claimed that it was the fault of the jail not taking the hold off me He told me this on    Then he sent me word by a lady that he got another judge to revolk me.

This allegedly was done by Defendant for meanness.  Plaintiff wants to be reinstated to probation on account of his health and because the Parole Board will not reinstate his probation.  Plaintiff writes that these events occurred on April 25, 2003.[1]  (Doc. 1, Sec. II, B).

In addition to Plaintiff's Complaint, he has written the Court several letters.  (Docs. 4, 5, 6, 9, 10, 11).  In his letters, Plaintiff provides additional facts concerning his claim, but he also adds information about his left hip being broken by Prichard officials while he was incarcerated at the Prichard City Jail, settling with the City of Prichard for his broken hip, being included in Prichard's bankruptcy listing of creditors, failing to receive his settlement money, being sent to prison, learning that his wife was murdered by her granddaughter who sold their belongings, returning to live in his empty house and to work for his brother-in-law who subsequently died, having to work and live at the Ideal Lounge after his truck was taken from him, and having his son steal approximately $12,000 in his Social Security checks.  According to Plaintiff, after his latest release on January 22, 2007, his Social Security checks were re-started because he an no longer work, and he had three blood clots from his injury break

---

[1] In Plaintiff's letters, he refers to other dates.  He states he was arrested on March 17, 2003 for a probation violation.  (Doc. 4 at 1 & Doc. 11 at 4).  Then, he states that he had probation "hold" until May 20, 2003.  (Doc. 4 at 1).

loose causing him to be hospitalized in Foley.  (Docs. 9-11).

In Plaintiff's first letter (Doc. 4), he indicates that he filed a prior lawsuit in this Court, Coburn v. Prichard Police Department, CA No. 05-0727-BH-B (S.D. Ala. May 11, 2007),[2] wherein he complained of the incident at the Prichard City Jail when excessive force was allegedly used against him resulting in his hip being fractured.  In that action, the Court propounded interrogatories to Plaintiff.  After reviewing his Answers and other filings, the Court determined that the action was barred by the statute of limitations and, thereupon, dismissed the action with prejudice.  (Docs. 31-33).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B).[3]  Under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."

---

[2]The Court takes judicial notice of its records.  ITT Rayonier, Inc. v. United States, 651 F.2d 343, 345 n.2 (5th Cir. July 20, 1981).

[3]The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  Bilal, 251 F.3d at 1348-49.

Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id. Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (citation omitted); see Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)). Dismissal for failure to state a claim is also warranted when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. Jones v. Bock, 127 S.Ct. 920, 920-21 (2007).

**III. Discussion.**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this

conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986).  This requires that a causal connection be demonstrated between a defendant's actions, omissions, customs, and policies and a deprivation of the plaintiff's constitutional or federal rights. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.), cert. denied, 464 U.S. 932 (1983).  Thus, since Mr. Brantley is the only named Defendant, the Court is concerned solely with those allegations that are directed to him.  Those allegations are chiefly found in the Complaint.  The other few statements about Defendant Brantley contained in the letters arise from the same incident described in the Complaint.  Because these statements are not contained in the Complaint and are duplicative or arise from the same incident, they will not be discussed further by the Court.

The Court finds that Plaintiff's action is subject to dismissal for two reasons: (1) it is barred by the statute of limitations, and (2) the requested relief is unavailable in this § 1983 action.  The statute of limitations in a § 1983 action is borrowed from a state's statute of limitations for personal injury actions because a § 1983 action is described as a constitutional tort action. Wallace v. Kato, 127 S.Ct. 1091, 1094 (2007).  Thus,

in Alabama, the statute of limitations for a § 1983 action is two years. Lufkin v. McCallum, 956 F.2d 1104, 1106, 1108 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).  Even though state law determines the length of the limitations period, federal law governs when the statute of limitations begins to run, or, in other words, when the cause of action accrues. Wallace, 127 S.Ct. at 1095.  Under federal law, "[accrual occurs] when the plaintiff has 'a complete and present cause of action'" . . . "'that is, when plaintiff can file suit and obtain relief.'" Id. [brackets in original](citations omitted).

   In the present action, Plaintiff knew of his claim against Defendant Brantley at or near the time of his probation revocation on or about April 25, 2003.  That is, Plaintiff knew Defendant placed a "hold" on him which caused him to remain in custody until a judge revoked his probation.  This claim is in the nature of a false imprisonment claim that he could have proceeded on once he was taken before the judge who revoked his probation. Id. at 1097. Nonetheless, Plaintiff filed the present action on February 21, 2006 (Doc. 1), which is beyond two years after his claim accrued on or about April 25, 2003.  Accordingly, Plaintiff's Complaint is barred by the two-year statute of limitations.  For this reason, the Complaint is due to be dismissed as frivolous. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) (when an affirmative defense, such as the statute of

limitations, would defeat a claim, the claim may be dismissed as frivolous); cf. Bock, 127 S.Ct. at 920-21 (when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, a complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim).

However, Plaintiff may contend that this is not a proper construction of his claim against Defendant Brantley. Nonetheless, based on the information in the Complaint, the Court cannot discern another claim, much less one that is of constitutional magnitude. To the extent that Plaintiff intended to allege a claim of such a character that a favorable ruling by the Court would result in Plaintiff's probation revocation being invalidated, such a claim would be governed by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994). The Heck court analogized claims such as Plaintiff's to a common-law cause of action for malicious prosecution, which has as a required element that the accused prove the termination of the prior criminal proceeding in favor of the accused. Id. at 484, 114 S.Ct. at 2371. The Court went on to hold that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87, 114 S.Ct. at 2372-73.

Heck requires that Plaintiff show that his probation revocation has been invalidated before he can proceed on such a claim for damages in a § 1983 action.  Plaintiff has not made this showing.  Therefore, such a claim would be frivolous.

The second reason for dismissal is that the relief requested by Plaintiff - to reinstate his probation - is not available to Plaintiff at this time.  Plaintiff has been released from prison, as indicated by his "free-world address," and he has completed serving his sentence, as indicated by his reference that "I've got 40 days left to EOS" made on December 20, 2006 (Doc. 5), and that he "finally got out of prison free." (Doc. 6).  Thus, Plaintiff's request to have his probation reinstated is moot.  That is, the Court can no longer award Plaintiff the requested relief because he is not in prison and has completed his sentence.  Smith v. Allen, 2007 WL 2826759, at *7 (11th Cir. Oct. 2, 2007) ("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.") (citation omitted).

Furthermore, this type of relief appears to be in the nature of habeas relief and, therefore, would not have been available for the Court to grant in this § 1983 action.  Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995).  That is, Plaintiff is challenging the fact and duration of his re-incarceration by his probation revocation and is seeking his immediate or speedier

8

release from this incarceration; therefore, habeas corpus is his exclusive remedy.  Id.  A claim for declaratory or injunctive relief in a § 1983 action that challenges the validity of a probation revocation and seeks release from confinement is simply not recognized in a § 1983 action.  Id.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **9th** day of **November, 2007**.

                                                      **/s/ SONJA F. BIVINS**
                                                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

10

judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this the **9th** day of **November, 2007.**

                                        **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**